

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-5-2005

# Jetter v. Beard

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1976

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Jetter v. Beard" (2005). *2005 Decisions*. Paper 1245.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1245

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-160                                               **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-1976
_____

DION M. JETTER,
Appellant

v.

JEFFREY A. BEARD, Secretary at the Department of Corrections;
JOHN MADDEN, Vice President at Wexford Health Sources, Inc.;
KENNETH D. KYLER, Supt of SCI Huntington; A. SCOTT WILLIAMSON, Deputy
Supt for Centralized Services at SCI Huntington; JEAN A. HOOVER, Wexford Site
Administrator at SCI Huntington; GEORGE N. PATRICK, Deputy Supt for Facility
Management at SCI Huntington; ROEMER, Medical Director for Wexford Health
Sources, Inc. at SCI Huntington; EUGENE POLMUELLER, Psychiatrist at SCI
Huntington; MARY LOU SHOWALTER, Nurse Supv at SCI Huntington; LUIS
ARANEDA, SCI Huntington; BRIAN HARRIS, Lieutenant at SCI Huntington; STEVEN
G. POLTE, Education Director; MICHELLE COINER, Librarian at SCI Huntington;
RAONE LYTLE, Librarian at SCI Huntington; C. KITCHEN, Lieutenant at SCI
Huntington; R. SMITH, Lieutenant at SCI Huntington; DIANA G. BANEY, Supt Asst at
SCI Huntington; GLOVER, Sgt. at SCI Huntington; KEVIN C. Halloran, CEO of
Wexford Health Sources, Inc.

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-cv-00827)
District Judge: Christopher C. Conner

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
March 3, 2005

Before:   ALITO, McKEE and AMBRO, <u>Circuit</u> <u>Judges</u>

(Filed:  May 5, 2005)
_____

OPINION
_____

PER CURIAM

Appellant Dion Jetter, a state prisoner proceeding pro se, appeals the order of the United States District Court for the Middle District of Pennsylvania dismissing his complaint filed pursuant to 42 U.S.C. § 1983. For the reasons that follow, we will dismiss the appeal as frivolous. See 28 U.S.C. § 1915(e)(2)(B).

Because we write only for the parties, we will briefly summarize only those facts essential to our disposition of this appeal. In September 2001, while incarcerated at the Huntington State Correctional Institution ("SCI-Huntingon), Jetter began experiencing partial loss of sensation in his toes and lower legs, and lower back pain. At that time, Jetter requested a referral to a neurologist. Dr. Paul Roemer denied the request, instead prescribing Jetter Prednisone for his symptoms.

On November 10, 2001, Jetter complained of an irregular heartbeat. After checking Jetter's vital signs, a nurse at SCI-Huntington conducted an electrocardiograph examination ("EKG"). A physician's assistant, and specialist in cardiology, then examined Jetter and determined that he was experiencing atrial fibrillation. Jetter alleges that the nurse began preparing for his transfer to a local hospital, but that after questioning its necessity, Dr. Roemer denied the transfer. Instead, Dr. Roemer prescribed Jetter Coumadin, Tenormin and aspirin, and returned him to his cell. On November 11, 2001, Jetter complained of a "continuous irregular heartbeat." Approximately four hours

2

later, Jetter was examined in his cell by two nurses who took his blood pressure four or five times, and checked his heartbeat with a stethoscope. According to Jetter, that same day, Dr. Roemer refused his "pleas for a referral to a neurologist and cardiologist" and told Jetter that he would not allow him to be transferred to a local hospital.

In 2003, after exhausting his administrative remedies, Jetter initiated the underlying action in the District Court for the Middle District of Pennsylvania. Jetter alleged in the District Court that Dr. Roemer violated his Eighth Amendment rights by his "grossly incompetent response" to Jetter's serious medical needs, and failure to inform Jetter of Prednisone's side effects. Jetter also alleged that Jeffrey Beard, Kevin Halloran, John Madden, Jean Hoover, Mary Lou Showalter, Kenneth Kyler, Scott Williamson, and George Patrick violated his Eighth Amendment rights because they "knew or should reasonably have known" that Dr. Roemer's actions would cause Jetter unnecessary and wanton infliction of pain, and further injury. Jetter contends that he continues to suffer "neurological spasms," high blood pressure, headaches, and "anxiety" over his medical condition. On March 24, 2004, after twice allowing Jetter to amend his complaint, the District Court granted motions to dismiss filed on behalf of defendants Halloran, Madden, Hoover, and Roemer and dismissed Jetter's claims against the remaining defendants as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). This timely appeal followed.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of a dismissal order for failure to state a claim, see Angstadt v. Midd-West Sch.

3

Dist., 377 F.3d 338, 342 (3d Cir. 2004), or for frivolousness. See Mitchell v. Horn, 318 F.3d 523, 530 (2003). Because Jetter's appeal lacks arguable merit in law or fact, we will dismiss it as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

"It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999); see also White v. Napoleon, 897 F.2d 103, 108 (3d Cir.1990) (concluding that mere medical malpractice cannot give rise to a violation of the Eighth Amendment). Only "unnecessary and wanton infliction of pain" or "deliberate indifference to the serious medical needs" of prisoners is sufficiently egregious to rise to the level of a constitutional violation.[1] White, 897 F.2d at 108-09 (quoting Estelle v. Gamble, 429 U.S. 97, 103 (1976)).

Here, the District Court properly disposed of Jetter's Eighth Amendment claim against Dr. Roemer because Jetter's allegations do not suffice to show reckless disregard with respect to the care he received. See Farmer v. Brennan, 511 U.S. 825, 836 (1994) (providing that to act with deliberate indifference is to recklessly disregard a substantial risk of serious harm). Instead, the evidence establishes that Jetter received care for his medical conditions, including evaluations by various medical personnel, prescriptions for

---

[1] The District Court assumed that Jetter had alleged an objectively serious medical condition.

4

several different medications, and an EKG performed by medical personnel at SCI-Huntington. Although Jetter argues that Dr. Roemer should have referred him to a specialist or local hospital, these allegations are simply not enough, in and of themselves, to state a claim under the Eighth Amendment. See Estelle, 429 U.S. at 107; see also White, 897 F.3d at 110 (concluding that a doctor's disagreement with the professional judgment of another doctor is not actionable under the Eighth Amendment). Moreover, to the extent that there was any delay in Jetter receiving medical attention on November 11, 2001, the delay did not rise to the level of deliberate indifference. See Rouse, 182 F.3d at 197. Finally, we agree with the District Court that Dr. Roemer's alleged failure to inform Jetter of the side effects of Prednisone amounts to nothing more than negligence. See, e.g., Estelle, 429 U.S. at 105-06 (concluding that mere negligence or inadvertence will not satisfy the deliberate indifference standard). In short, while Jetter would have preferred a different course of treatment, his preference does not establish a cause of action. Inmates of Allegheny Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (noting that courts will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment" (citations omitted)). Accordingly, because Jetter has failed to show that the medical treatment he received was a result of deliberate indifference, he has not established an Eighth Amendment claim against Dr. Roemer.

We also agree with the District Court that Jetter failed to state an Eighth

Amendment claim against supervisory defendants Beard, Halloran, Madden, Hoover, Showalter, Kyler, Williamson, and Patrick. Liability under § 1983 cannot be imposed on a supervisor on the basis of respondeat superior. Personal involvement must be alleged and is only present where the supervisor directed the actions of supervisees or actually knew of the actions and acquiesced in them. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (1988). Jetter simply has not alleged any facts to support a conclusion that the supervisory defendants had personal involvement in the medical treatment he received at SCI-Huntington. Accordingly, the District Court did not err in dismissing Jetter's Eighth Amendment claims against Beard, Halloran, Madden, Hoover, Showalter, Kyler, Williamson, and Patrick.

Finally, Jetter has filed in this Court a motion to stay the proceedings until such time as defendants Beard, Showalter, Kyler, Williamson, and Patrick enter an appearance in the District Court. For the reasons discussed herein, because the District Court properly dismissed Jetter's claims as to defendants Beard, Showalter, Kyler, Williamson, and Patrick pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), the motion to stay is denied.

For the foregoing reasons, we will dismiss the appeal as frivolous.